■ MEGAN M. FARLEY, an Infant by Her Parent and Natural Guardian, FRANCIS FARLEY, et al., Respondents, v COUNTY OF NASSAU et al., Appellants. — In a medical malpractice action, defendants appeal from an order of the Supreme Court, Nassau County (Pantano, J.), entered January 26, 1982, which, *inter alia,* denied their cross motion which was, in part, for a protective order against plaintiffs' notice for discovery and inspection on the ground that subdivision 3 of section 6527 of the Education Law is inapplicable to the items sought by plaintiffs. Order reversed, without costs or disbursements, cross motion granted to the extent that a protective order against plaintiffs' notice for discovery and inspection is granted, and plaintiffs' motion for discovery and inspection is denied. Following the infant plaintiff's birth and during her confinement at Nassau County Medical Center, she contracted a staph infection. By notice of discovery and inspection dated August 31, 1981 plaintiffs sought discovery of (1) "[a]ny and all reports of [the] Infectious Control Committee and/or Program [of the medical center] reporting on the nature, extent [and] duration of staph infections in such institution from January of 1978 up to and including June 15, 1978", and (2) "[a]ny and all reports of the Utilization and Review Committee of said institution which reviewed records regarding staph infection, the extent and duration of the same from January of 1978 up to and including June, 1978." In denying that part of defendants' cross motion which was for a protective order against such discovery Special Term stated in part: "Plaintiff's [*sic*] counsel states that they do not seek the records or a review of the proceedings but rather seek to determine the nature and extent of staph infection's prevalence at the defendant County's facility during the period January 1, 1978 to June 15, 1978. Plaintiffs' notice paragraphs 2 and 3 is therefore amended to the extent hereinabove indicated by plaintiffs' counsel and defendant Nassau County Medical Center shall respond to said notice within 20 days of the date of service of a copy of this order upon its attorney (Larsson v. Mithallal, et ano, 72 AD2d 806; Lang v. Abbott Laboratories, et ano, 59 AD2d 734). The facts which plaintiff [*sic*] seeks to discover are not protected by Education Law Section 6527 subd. 3." Upon oral argument of this appeal counsel for plaintiffs acknowledged that plaintiffs seek more than a statement from defendants as to the nature and extent of staph infections at the defendant hospital from January of 1978 to and including June 15, 1978.

Rather, plaintiffs seek to ascertain the nature and extent of such infections by examination of the records of the aforesaid review committees. This plaintiffs may not do. Such records are not subject to disclosure (see Education Law, § 6527, subd 3). Accordingly, defendants' cross motion, insofar as it is for a protective order against such disclosure, is granted. The defendants also maintain that Special Term erred in not granting that part of their cross motion which was to dismiss the second cause of action on behalf of Francis Farley, individually, for his failure to timely serve a notice of claim. This point is moot inasmuch as Special Term had previously dismissed said cause of action by order dated December 30, 1981. Mangano, J. P., Gulotta, Bracken and Niehoff, JJ., concur.